## FRED MOBBS v. STATE.

No. A-3524—Opinion Filed Oct. 23, 1920.

(192 Pac. 823.)

1. **TRIAL—Province of Jury—Weight and Credibility of Evidence.**
It is the exclusive province of the jury to reconcile the testimony, if possible, and to determine, where the evidence is conflicting, whom to believe and whom to disbelieve.

2. **APPEAL AND ERROR—Review—Sufficiency of Evidence.**
Where there is evidence in the record from which the jury could reasonably conclude that defendant is guilty of the crime charged, the judgment of conviction will not be disturbed by this court because of alleged insufficiency of the evidence even though the same be conflicting.

3. **APPEAL AND ERROR—Harmless Error—Instructions.** Before this court is authorized to reverse a judgment of conviction on the ground of the misdirection of the jury, it must appear from an examination of the entire record that the error complained of has probably resulted in a miscarriage of justice. or constitutes a substantial violation of a constitutional or statutory right of defendant.

*Appeal from County Court, Atoka County;*

*J. M. Humphreys, Judge.*

Fred Mobbs was convicted of the crime of pointing a weapon at another person, and sentenced to serve 90 days' imprisonment in the county jail and to pay a fine of $250 and he appeals. Affirmed.

*C. McCasland,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *E. L. Fulton,* Asst. Atty. Gen., for the State.

PER CURIAM. This is an apepal from the county court of Atoka county, wherein on the 19th day of February 1919, defendant, Fred Mobbs, was convicted of the crime of unlawfully pointing a weapon at another person, and

sentenced to serve a term of 90 days' imprisonment in the county jail and to pay a fine of $250.

From such judgment of conviction defendant has appealed to this court, and assigns two grounds of reversal, the first of which is that the evidence is not sufficient to warrant the verdict of the jury.

Counsel for plaintiff in error admit that the evidence is conflicting. The complaining witness and his wife both testify positively that defendant, who lived on an adjoining farm to the complaining witness, came upon the premises of the complaining witness at about daybreak on the morning of the 17th of October, 1917, at a time when the complaining witness and his brother were driving a hog belonging to defendant off the premises of complaining witness; that at such time defendant was carrying a loaded Winchester rifle, with which he shot the dog belonging to complaining witness, and then immediately leveled the Winchester rifle and pointed same at the complaining witness, with the remark that if he, complaining witness, said or did anything, he would be treated the same way.

Defendant admitted being upon the premises of complaining witness at that time and place, and admitted also shooting complaining witness' dog, but denied pointing the Winchester rifle at the complaining witness. Defendant testified he shot the dog because the complaining witness was running his hog with the dog, and the dog was on top of the hog, biting and chewing the hog, at the time he shot the dog.

Counsel for defendant contend that because the brother of complaining witness did not see or hear the things that complaining witness and his wife heard and saw, it is

unreasonable to believe that defendant is guilty of committing the crime of which he was convicted.

While there is some conflict between the testimony of complaining witness and his wife and that of defendant; and while the brother of complaining witness, who was engaged in the act of opening a gate for the purpose of driving the hog through claims that he did not see defendant point the weapon at his brother or hear him make any threats against his brother, it was the exclusive province of the jury to reconcile the testimony, if possible, and to determine, where the evidence is conflicting, whom to believe and whom to disbelieve.

As has heretofore been repeatedly held by this court, even though the evidence be conflicting, if there is evidence in the record from which the jury could reasonably conclude that defendant is guilty of the crime charged, the judgment of conviction will not be disturbed by this court because of apparent conflicts in the evidence.

It is also contended that the court erred in giving instruction No. 4. in substance to the effect that defendant would not be justified in assaulting complaining witness because of the fact that the complaining witness' dog was tearing and biting the hog of defendant.

The instruction was not applicable to the defense interposed; the defendant absolutely denying that he pointed the weapon at the complaining witness. There was no element of the defense of property interposed in this case by the evidence.

Section 6005, Revised Laws 1910, among other things, provides that this court shall not reverse a judgment of conviction on the ground of the misdirection of the jury unless

it appears from an examination of the entire record that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

In this case defendant armed himself with a deadly weapon, and proceeded to the premises of complaining witness, and, according to the state's testimony, which the jury believed, proceeded to shoot and kill the dog of complaining witness, and thereupon pointed the Winchester rifle at the complaining witness and told him that if he opened his mouth he would do him the same way. There was no justification or excuse for the use of such force on that occasion, and defendant did not attempt to justify or excuse his act. He merely denied it.

We do not believe, therefore, that the instruction complained of in any way prejudiced the substantial rights of defendant in this case, or resulted in a miscarriage of justice.

It is the opinion of the court therefore that the judgment of conviction should be affirmed; and it is so ordered.